(No. 767—Claimant awarded $2000.00.)

EDGAR COLLARD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

MILITARY SERVICE—*when State liable for injury sustained by soldier.* Claimant was injured while in the discharge of his duty, as a corporal of the Illinois National Guard, under orders of his superior officer, *Held*—He is entitled to an award.

WORKMAN'S COMPENSATION ACT—*award may be fixed under provisions of.* The provisions of the Workman's Compensation Act may be taken into consideration by the court in fixing an award in cases of this character.

McLAUGHLIN & BILLMAN, for claimant.

OSCAR E. CARLSTROM, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

The claimant is a young man 21 years old, unmarried, and it appears that there is dependent upon him for support his widowed mother and four minor brothers and sisters, and that the family is in needy circumstances.

Prior to and on September 2, 1923, the claimant was a member of the service company, 130th Infantry, Illinois National Guard, with the rank of corporal.

On the date mentioned he was a member on the detail of six men who were directed to engage in collecting in a truck dry garbage about the camp.

As Corporal Collard was climbing upon the step of the truck, it moved forward, crushing him between the truck and a telephone pole, and caused injury, which is the base of his claim.

There appears to be no contention on behalf of the State as to the fact of the occurrence of the accident or the fact that it occurred while the claimant was in line of duty, the only contention being the extent of the damages of injury sustained by the claimant.

It appears that the claimant suffered a fracture of the left femur at the junction of the middle and upper third, and it is further claimed that the fractured bones made a union in malposition, with an overriding of the fragments, causing an anterior-posterior deformity, causing, it is claimed, a shortening of the left leg and impairment of function characterized in a limp.

It appears that the injury caused the claimant and is causing him considerable pain and discomfort.

In making allowance in this case, the court, in following its precedent in other cases of this character where employees were injured while in various employment in behalf of the State, and that considering the Workmen's Compensation Act, it appears to the court that there is not more than 50% disability, but the court wishes to also consider the medical requirements that might be necessary for the aid of the claimant and will have that in mind in making an allowance.

It is considered by the court that an allowance of $2000.00 be recommended.